UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTELLE KEVETT CARROLL,

               Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC,

               Defendant.

25-CV-4979 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted an IFP application and supporting documentation, but her responses do not establish that she is unable to pay the filing fees. (ECF 2, 5.) Plaintiff states that she is presently not employed, and does not provide the date of her last employment. Plaintiff further states that she has no sources of income, and possesses no money or other assets. Plaintiff responded with "0" to every question about how she pays her expenses and how many dependents she has, and she also indicates that he has no credit card debts or financial obligations. Because Plaintiff does not fully answer the questions on the IFP application, and fails to provide information on how she pays for her living expenses, the Court is unable to conclude that she does not have sufficient funds to pay the relevant fees for this action.

    Plaintiff alternatively seeks, in lieu of paying the fees, "recognition of an equivalent tender in the form of collateral pledged via a CUSIP-linked financial instrument, under equitable

and commercial principles." (ECF 2.) The Court denies that motion. Plaintiff must either pay the fees or file an IFP application that establishes her inability to do so.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-4979 (LTS), and address the deficiencies described above by providing facts to establish that she is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 16, 2025
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge