UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   7/18/2025
```

ESTELLE KEVETT CARROLL,

                              Plaintiff,

              -against-

EQUIFAX INFORMATION SERVICES LLC,

                              Defendant.

25-CV-4979 (GHW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

GREGORY H. WOODS, United States District Judge:

        Plaintiff Estelle Kevett Carroll, proceeding *pro se* and *in forma pauperis* ("IFP"), brings

this action against Equifax Information Services, LLC (Equifax), under the Fair Credit Reporting

Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. For the reasons set forth below, the Court dismisses the

complaint with leave to replead.

### STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On February 16, 2025, Plaintiff requested a copy of her credit report from Equifax, and saw that it contained inaccurate and incomplete information: (1) about her personal information, including her name, date of birth, and addresses; and (2) in connection with at least eight financial accounts, such as incorrect balances due, payment status, and credit limits. (ECF 1 at 1-3.) Attachments to the complaint indicate that Plaintiff reported the inaccurate information to Equifax and requested that the information be investigated and corrected. (*Id.* at 7-9.) According to Plaintiff, Equifax failed to "conduct reasonable investigations upon dispute," or to maintain reasonable procedures to ensure

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

the accuracy and integrity of information it reported, and then willfully or negligently reported inaccurate credit information. (*Id.* at 1.) Plaintiff asserts that her "[r]eported credit score is affected by all inaccuracies, inconsistencies, and incomplete information reported," and she seeks money damages.[2] (*Id.* at 2, 8.)

In addition to this case, Plaintiff has recently filed two other actions in this court in which she brings similar claims under the FCRA against other credit reporting agencies. *See Carroll v. Experian Servs. Corp.*, No. 25-CV-4978 (MMG) (S.D.N.Y. filed June 12, 2025); *Kevett Carroll v. TransUnion Consumer Solutions*, No. 25-CV-4977 (KPF) (S.D.N.Y. filed June 12, 2025).

## DISCUSSION

Congress enacted the FCRA to ensure that consumer reporting agencies follow fair and equitable procedures in "regard to the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information." 15 U.S.C. § 1681(b). The FCRA imposes a variety of requirements on consumer reporting agencies to verify the accuracy of credit information in general and in response to consumer disputes. *See* 15 U.S.C. §§ 1681b to 1681p. The statute creates a private right of action against consumer reporting agencies for "negligent or willful violation of any duty imposed by the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted) (citing 15 U.S.C. §§ 1681n, 1681o).

Under the FCRA, consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy of the information" in a consumer's credit report. 15 U.S.C. § 1681e(b). To succeed on a claim that a consumer reporting agency failed to follow proper compliance procedures under Section 1681e(b), a plaintiff must show that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the

---

[2] Plaintiff's last name is listed on the docket as "Carroll" and "Kevett Carroll."

consumer reporting agency reported inaccurate information about the plaintiff;
(3) the plaintiff was injured; and (4) the consumer reporting agency's negligence
proximately caused the plaintiff's injury.

*Wimberly v. Experian Info. Solutions*, No. 18-CV-6058 (MKV), 2021 WL 326972, at *5

(S.D.N.Y. Feb. 1, 2021) (citation omitted); *see also Anderson v. Experian*, No. 19-CV-8833

(ALC) (DCF), 2019 WL 6324179, at *2 (S.D.N.Y. Nov. 26, 2019).

For the Court to exercise subject-matter jurisdiction over any claim, including those

arising under the FCRA, the plaintiff must have standing, meaning that she (1) suffered an injury

in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38

(2016) (holding that plaintiff did not state a claim under the FCRA because allegations of "bare

procedural violations" did not suggest an injury-in-fact that is "concrete and particularized").

Applying *Spokeo* in a subsequent decision, the Supreme Court held that "[t]he mere presence of

an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete

harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021) (concluding that plaintiffs

whose credit files were not disseminated to third parties lacked standing to sue for violations of

the FCRA).

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing the

elements of standing. *Spokeo*, 578 U.S. at 338. At the pleading stage, allegations of standing

"need not be crafted with precise detail, nor must the plaintiff prove the allegations of h[er]

injury." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 401-02 (2d Cir. 2015)

(quoting *Baur v. Veneman*, 352 F.3d 625, 631 (2d Cir. 2003)). Nonetheless, the plaintiff must

allege facts "that affirmatively and plausibly suggest that [she] has standing to sue." *Amidax*

*Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Plaintiff's complaint lacks sufficient allegations of a concrete injury to establish standing to sue under the FCRA. Plaintiff alleges that her credit report contained inaccurate information about her personal information and about specific financial accounts, which she claims "affected" her "[r]eported credit score." (*Id.* at 8.) There is, however, no allegation of a concrete injury beyond the presence of inaccurate information and an impact on Plaintiff's credit score. Plaintiff does not allege that Defendant disseminated inaccurate information to a third party, or that she was denied credit or offered less favorable credit terms because of such information. Having failed to allege concrete harm, under *Spokeo* and *TransUnion*, Plaintiff lacks standing to assert FCRA claims. *See*, *e.g.*, *McTague v. Chase Bank*, No. 25-CV-5202 (DEH), 2024 WL 4188478, at *3 (S.D.N.Y. Sept. 13, 2024) (deeming insufficient plaintiff's allegations that inaccurate information caused "a reduction in" his credit score, without alleging that the information was published or that he was "denied credit, experienced reputational damage, or that he experienced any other concrete consequences"); *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 391-92 (E.D.N.Y. 2022) (holding that plaintiff lacked standing to bring FCRA claims where complaint contained only conclusory allegation that credit reporting agency disseminated inaccurate information and lacked allegations of actual instances of dissemination, denial of credit, or other concrete injury); *Swainson v. Lendingclub Corp.*, No. 21-CV-5379 (GHW) (SLC), 2022 WL 2704629, at *8 (S.D.N.Y. June 24, 2022) (holding that plaintiff lacked standing to bring claims for violation of FCRA where he failed to allege that credit reporting agency disseminated any inaccurate information), *report and recommendation adopted*, 2022 WL 2704486 (S.D.N.Y. July 12, 2022); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress . . . is insufficient to plausibly allege" standing).

Plaintiff has failed to demonstrate an injury that bears a close relationship to the harm traditionally recognized as providing a basis for standing, *see Maddox*, 19 F.4th at 63, and her "[t]hreadbare" allegations fail to establish concrete injury, *Zlotnick*, 583 F.Supp.3d at 391. Consequently, the Court lacks subject-matter jurisdiction over the FCRA claims in the complaint.

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants her 30 days' leave to amend her complaint to detail her claims arising under the FCRA.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    July 18, 2025
        New York, New York

                                      GREGORY H. WOODS
                            United States District Judge