```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
ESTELLE KEVETT CARROLL,                                           :
                                                                  :
                              Plaintiff,                          :      1:25-cv-4979-GHW
                                                                  :
              -v-                                                 :              ORDER
                                                                  :
EQUIFAX INFORMATION SERVICES, LLC,                                :
                                                                  :
                              Defendant.                          :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2025

GREGORY H. WOODS, United States District Judge:

Plaintiff Estelle Carroll, proceeding *pro se*, filed her initial complaint in this case on June 12, 2025. Dkt. No. 1. On the same day, she consented to receive service electronically. Dkt. No. 4. On June 25, 2025, Chief Judge Laura T. Swain, to whom this case was assigned, granted Plaintiff leave to proceed *in forma pauperis*. Dkt. No. 9. This Court dismissed Plaintiff's complaint without prejudice for lack of subject matter jurisdiction. July 18, 2025. Plaintiff filed her amended complaint on August 19, 2025. Dkt. No. 12. Since then, Plaintiff has failed to appear at three conferences. *See* Dkt. Nos. 18 (ordering the parties to appear at the October 28, 2025 conference to discuss Defendant's proposed motion to dismiss), 19 (ordering the parties to appear at conferences on November 6, 2025 and November 13, 2025), 21 (emphasizing that all parties are expected to appear at the scheduled conferences).

In its October 30, 2025 order, the Court ordered Plaintiff **"to personally attend both the November 6, 2025 conference and the November 13, 2025 conference"** and warned that "[i]f Plaintiff does not attend both conferences, the Court will dismiss her claims against Defendant for failure to prosecute." Dkt. No. 19 at 1 (emphasis in original). In its November 1, 2025 order, the Court stated that the emphasis in the October 30, 2025 order was because "[Plaintiff] failed to attend the prior conference" and that "[a]ll parties are expected to appear at scheduled conferences."

Dkt. No. 21.

The Court, the Court's staff, and Defendant's counsel all appeared at the November 13, 2025 conference, as they had on October 28, 2025 and November 6, 2025. But Plaintiff did not. This is Plaintiff's third failure to appear for a Court-scheduled conference. Plaintiff has provided no justification for her failure to appear. In sum, Plaintiff is taking no steps to prosecute her case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here. Plaintiff has failed to comply with three of the Court's orders. She has failed to appear at three Court-scheduled conferences at which she was ordered to appear. *See* Dkt. Nos. 18, 19, 21.

Plaintiff has given no indication that she intends to prosecute this action. Given Plaintiff's failure to heed the Court's orders, despite ample time to do so and notice that her case would be dismissed for failure to prosecute, "it would be unfair to the numerous other litigants awaiting the

Court's attention to permit [her claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective.

However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010).

Accordingly, Plaintiff's claims against Defendant are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 13, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge